■ In the Matter of RAYMOND DEMERS, Doing Business as NICHOLAS F. DOMAIN SAND & GRAVEL, Appellant, v NEW YORK

STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [770 NYS2d 807]—

Lahtinen, J. Appeal from a judgment and an amended judgment of the Supreme Court (Teresi, J.), entered September 19, 2002 and September 27, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Respondent denied petitioner's request to convert an application for a mining permit, that respondent had treated as a single application for six years, into two separate applications. The issue on appeal is whether respondent's action constituted a final agency determination that is ripe for judicial review.

Petitioner conducts a sand and gravel mine on a 47-acre parcel in the Town of Dover, Dutchess County and, in 1995, sought to expand his mining operations on two parcels contiguous to the ongoing mine. On one parcel he sought to conduct additional sand and gravel mining and on the other he wanted to open a stone quarry. Petitioner alleges that he submitted separate applications for the two operations but that they were treated as a single application by respondent in 1995.* Proceedings on the application in the ensuing years included, among other things, designating respondent the lead agency under the State Environmental Quality Review Act (*see* ECL art 8), issuing a positive declaration, public meetings and comments as part of scoping (*see* 6 NYCRR 617.8) and petitioner's draft environmental impact statement being rejected by respondent as incomplete.

In 2001, petitioner sought to have the request to expand the sand and gravel mine considered separately by respondent from the proposed stone quarry. Respondent denied the request and petitioner commenced this CPLR article 78 proceeding seeking

---

* We note that the record contains only a single application made in February 1995 that combines the two requests. However, an affidavit from respondent indicates that this application was rejected as incomplete and that a subsequent application was made. Petitioner contends that separate applications for the two projects were submitted and, for purposes of this appeal, we accept petitioner's contention as correct.

to compel separate review of the mining projects. Respondent filed a preanswer motion to dismiss upon the ground that the matter was not ripe for judicial review because respondent had not made a final determination on petitioner's application. Supreme Court granted respondent's motion. Petitioner appeals.

We affirm. In the absence of a final determination, an agency's action is not ripe for judicial review (*see Matter of American Tr. Ins. Co. v New York State Dept. of Motor Vehs.*, 305 AD2d 840, 842-843 [2003]; *Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 921-922 [1999], *lv denied* 93 NY2d 815 [1999]). An agency's action is considered final for purposes of review when a pragmatic evaluation reveals a definitive position that inflicts actual harm (*see Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]). Even when ultimate resolution of a matter is still pending, a determination within the context of that matter may be "final" if the governmental entity acts beyond its statutory authority and causes injury (*see Matter of Gordon v Rush*, 100 NY2d 236, 243 [2003]; *cf. Aluminum Co. of Am. v United States*, 790 F2d 938, 942 [1986]).

We initially note that petitioner did not judicially contest in 1995 respondent's determination to treat the matter as a single application. In fact, petitioner participated in the single application procedure for six years. That single application is still under consideration and respondent's determination thereon may "render the disputed issue . . . academic" (*Matter of Essex County v Zagata, supra* at 454). Respondent's decision not to split an application six years into the process is not a final determination on the merits of the pending application. Accordingly, we conclude that Supreme Court properly dismissed the petition.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment and amended judgment are affirmed, without costs.