*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   January 29, 2015                518492
_____

In the Matter of SCHOOL
    ADMINISTRATORS ASSOCIATION
    OF NEW YORK STATE et al.,
                    Appellants,
                    et al.,
                    Petitioner,              MEMORANDUM AND ORDER

        v

NEW YORK STATE DEPARTMENT OF
    CIVIL SERVICE et al.,
                    Respondents.
_____


Calendar Date:   November 12, 2014

Before:   McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Arthur P. Scheuermann, School Administrators Association of
New York State, Latham (Jennifer L. Carlson of counsel), for
appellants.

        Eric T. Schneiderman, Attorney General, Albany (Julie M.
Sheridan of counsel), for New York State Department of Civil
Service, respondent.

        Lamb & Barnosky, LLP, Melville (Jeffrey Mongelli of
counsel), for Brentwood Union Free School District, respondent.

                    _____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Teresi, J.),
entered May 10, 2013 in Albany County, which dismissed
petitioners' application, in a combined proceeding pursuant to
CPLR article 78 and action for declaratory judgment, to, among

other things, review a certain policy memorandum issued by respondent Department of Civil Service.

Respondent Brentwood Union Free School District (hereinafter District) is a participating agency in the New York State Health Insurance Program (hereinafter NYSHIP), which is administered by respondent Employee Benefits Division of respondent Department of Civil Service, and by respondent Jerry Boone, president of the Civil Service Commission (hereinafter collectively referred to as the State respondents). On May 15, 2012, the Employee Benefits Division issued policy memorandum No. 122r3, which delineated the circumstances under which an employee of a participating agency may decline health insurance enrollment in NYSHIP in exchange for a cash payment or other benefit. Specifically, the policy memorandum provided – insofar as is relevant here – that such an employee could opt out of NYSHIP coverage in exchange for a monetary payment only if he or she had health insurance coverage available under another employer-sponsored group other than NYSHIP. In other words, an employee could not receive an opt-out payment if, for example, he or she had health insurance coverage through a spouse who also was covered under NYSHIP. The policy memorandum further provided that it would take effect immediately.

Petitioner Daniel Robinson is an administrator employed by the District, a member of petitioner Brentwood Principals and Supervisors Organization, whose president is petitioner Richard Loeschner, and a member of petitioner School Administrators Association of New York State. Although not contractually obligated to do so, the District had offered a buyout program for a number of years that enabled its employees to decline NYSHIP coverage in exchange for a monetary payment representing 50% of the premium that the District otherwise would have paid to NYSHIP to provide health insurance coverage for such employee. Robinson historically participated in the program and, for option year ending December 31, 2012, received a payment from the District in the amount of $6,094.92. Under the May 15, 2012 policy memorandum, however, Robinson no longer was eligible for a monetary payment because his spouse, under whose plan he was covered, obtained her health insurance coverage from NYSHIP.

On March 4, 2013, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, to declare the policy memorandum to be null and void and to enjoin the District and respondent Board of Education of the Brentwood Union Free School District (hereinafter collectively referred to as the Brentwood respondents) from discontinuing its past practice of offering the original NYSHIP buyout program. With respect to the State respondents, Supreme Court found that the four-month statute of limitations began to run on the effective date of the policy memorandum – May 15, 2012 – and, accordingly, dismissed the proceeding/action against them as time-barred. As to the Brentwood respondents, Supreme Court found that petitioners' claim fell within the exclusive jurisdiction of the Public Employment Relations Board and, therefore, dismissed the petition/complaint against them for lack of subject matter jurisdiction. Petitioners now appeal,[1] contending only that Supreme Court erred in dismissing the petition/complaint as time-barred.

The parties agree that this combined CPLR article 78 proceeding and action for declaratory judgment is governed by the four-month statute of limitations set forth in CPLR 217 (1). In this regard, both the statute and case law make clear that the statute of limitations period for a CPLR article 78 proceeding begins to run when "the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; accord Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Matter of Capital Dist. Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 97 AD3d 1044, 1046 [2012]; see Matter of Board of Educ. of the Kiryas Joel Vil. Union Free Sch. Dist. v State of New York, 110 AD3d 1231, 1232-1233 [2013], lv denied 22 NY3d 861 [2014]). Such determination, in turn, "becomes 'final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies. First, the agency must have reached a definitive position on the issue that inflicts actual, concrete

---

[1] All petitioners except Robinson are named in the notice of appeal.

injury and second, the injury inflicted may not be . . .
significantly ameliorated by further administrative action or by
steps available to the complaining party" (Walton v New York
State. Dept. of Correctional Servs., 8 NY3d at 194 [internal
quotation marks and citation omitted]; see Matter of North Dock
Tin Boat Assn., Inc. v New York State Off. of Gen. Servs., 96
AD3d 1186, 1187 [2012]; Matter of Town of Olive v City of New
York, 63 AD3d 1416, 1418 [2009]).  In the context of quasi-
legislative determinations such as the one at issue here, actual
notice of the challenged determination is not required in order
to start the statute of limitations clock; rather, the statute of
limitations begins to run once the administrative agency's
"definitive position on the issue [becomes] readily
ascertainable" to the complaining party (Matter of Riverkeeper,
Inc. v Crotty, 28 AD3d 957, 962 [2006]; see Matter of Owners
Commn. on Elec. Rates v Public Serv. Commn. of State of N.Y., 76
NY2d 779, 780 [1990], revg on dissenting op of Levine, J., 150
AD2d 45, 53 [1989]).

     At the heart of the State respondents' statute of
limitations defense is the May 15, 2012 policy memorandum itself,
which redefined the class of employees eligible to participate in
buyout programs offered by participating agencies and, further,
made clear that such policy was "effective immediately."[2]
Although the subject memorandum indeed contained a "grandfather
clause" that, in effect, afforded a limited grace period to
certain participating agencies with an existing buyout program in
place, the presence of such clause did not render the decision of
the Department of Civil Service as to employee eligibility any
less final, nor did it render the injury allegedly suffered by
Robinson any less concrete.  We therefore are satisfied that the
policy memorandum constituted a "definitive position" on the
issue of buyout program eligibility – one that, as to the State
respondents, could not be "significantly ameliorated by further
administrative action" (Walton v New York State. Dept. of

_____

     [2]  There is no question that, as a participating agency, the
District was required to comply with this directive in offering
buyout programs to its employees, including Robinson.

Correctional Servs., 8 NY3d at 194).[3]

As to the actual date upon which the four-month statute of limitations began to run, the State respondents correctly note that the "readily ascertainable" requirement is styled as a constructive notice standard; actual, in-hand notice of the underlying determination is not required (see Matter of Riverkeeper, Inc. v Crotty, 28 AD3d at 961-962). In this regard, the State respondents delineated the procedures followed in disseminating the subject policy memorandum, including mailing copies to the chief executive officers of all participating agencies, as well as to any individual who had requested a copy via the participating agency "Courtesy List," posting the memorandum on a website for health benefit administrators (to which union representatives could request access) and discussing the memorandum at the participating agency regional meetings hosted by the Department of Civil Service in October 2012 — an event "attended by over 650 representatives of the approximately 900 local governments that participate in NYSHIP." Under these circumstances, we are of the view that petitioners' claims accrued — and the statute of limitations began to run — upon the effective date of the policy memorandum, i.e., May 15, 2012 (see Lenihan v City of New York, 58 NY2d 679, 681 [1982]). Moreover, even if we were to defer the triggering of the statute of limitations until the October 2012 regional meetings, the instant proceeding and action — commenced in March 2013 — still would be time-barred. Petitioners' remaining arguments as to the timeliness of this matter, to the extent not specifically addressed, have been examined and found to be lacking in merit. Further, in light of our conclusion that this matter is time-barred, we need not address the State respondents' alternative

---

[3] Our conclusion in this regard is in no way altered by petitioners' attempt to mitigate the impact of the policy memorandum by filing an improper practices charge against the District for unilaterally altering its buyout program without engaging in collective bargaining. The fact that petitioners might be able to obtain some measure of relief from the Brentwood respondents does not affect the finality of the Department of Civil Service's determination vis-a-vis the State respondents.

ground for dismissal.  Accordingly, Supreme Court's judgment is affirmed.

McCarthy, J.P., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court