Rose, J.
Appeal from an order and judgment of the Supreme Court (Lynch, J.), entered January 28, 2014 in Albany County, which, among other things, granted petitioners’ application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a certain policy memorandum issued by respondent Department of Civil Service.
Respondent Roslyn Public Schools is a participating agency in respondent New York State Health Insurance Program (hereinafter NYSHIP), which is administered by the Employee Benefits Division of respondent Department of Civil Service. On May 15, 2012, the Department of Civil Service issued policy memorandum No. 122r3, which limited the circumstances *1143 under which an employee of a participating agency such as Roslyn may choose to decline NYSHIP coverage in exchange for a cash payment. The collective bargaining agreements between Roslyn and petitioners included such a buyout program.
In March 2013, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a declaration that the policy memorandum is null and void. NYSHIP and the Department of Civil Service (hereinafter collectively referred to as the State respondents) joined issue and moved for summary judgment asserting, among other things, that the petition was barred by the statute of limitations. Supreme Court denied the motion, granted the petition, declared the policy memorandum null and void, and remitted the matter to the State respondents for further action. The State respondents appeal.
Supreme Court’s order and judgment must be reversed. As we are holding in a case that is virtually indistinguishable from this one (Matter of Plainview-Old Bethpage Congress of Teachers v New York State Health Ins. Plan, 133 AD3d 1140 [2015] [decided herewith]), the four-month statute of limitations provided by CPLR 217 (1) applies to challenges to the validity of the policy memorandum, and the limitations period began to run on May 15, 2012, the date on which the Department of Civil Service issued the memorandum (see also Matter of School Adm’rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1176-1178 [2015], lv denied 26 NY3d 904 [2015]). Accordingly, petitioners’ claims are time-barred, inasmuch as this proceeding was not commenced until March 2013.
Garry, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, motion by respondents New York State Health Insurance Plan and Department of Civil Service for summary judgment granted and petition dismissed.