Matter of Aufiero v New York State Div. of Criminal Justice Servs. (2019 NY Slip Op 04524)





Matter of Aufiero v New York State Div. of Criminal Justice Servs.


2019 NY Slip Op 04524


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

527282

[*1]In the Matter of JOSEPH AUFIERO et al., Appellants,
v
NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES et al., Respondents.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Sussman & Associates, Goshen (Jonathan R. Goldman of counsel), for appellants.
Letitia James, Attorney General, Albany (Victor Paladino of counsel) for respondents.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered August 16, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time-barred.
General Municipal Law § 209-q (1) (a) requires that individuals satisfactorily complete an approved municipal police basic training program prior to appointment as a police officer on a permanent basis. A certificate of completion issued upon completion of an approved training course remains valid, as relevant here, during the holder's continuous service as a police officer and during certain specified periods of "interruption" from service (General Municipal Law § 209-q [1] [b]). Interruption means separation from employment as a police officer "by reason of such officer's leave of absence, resignation or removal, other than removal for cause" (General Municipal Law § 209-q [1] [c]). Respondent Division of Criminal Justice Services (hereinafter DCJS) is charged with maintaining a registry of all police officers in the state, which includes information regarding completion of the required training course (see Executive Law § 845 [1]). All agencies employing police officers are required to immediately report to DCJS when any officer it has employed ceases to serve (see Executive Law § 845 [2]). DCJS is authorized to adopt such regulations as may be necessary or convenient to the performance of its duties (see Executive Law § 837 [13]). In October 2016, DCJS promulgated regulations defining the term "removal for cause" and requiring that an agency employing police officers immediately notify DCJS when a police officer it has employed ceases to serve and the reason for change in employment status. The regulations were amended in February 2017 to revise the definition of removal for cause. Under either definition, removal for cause includes, as relevant here, resignation while a disciplinary proceeding is pending against the officer pursuant to Civil Service Law § 75.
Petitioner Joseph Aufiero received certification that he had completed an approved basic training program and began working for the Town of Mount Pleasant Police Department in Westchester County in July 2007, which preferred disciplinary charges against him in June 2017. While the charges were pending, Aufiero sought employment elsewhere. He began working as a police officer for the City of Mount Vernon Police Department on October 20, 2017. He resigned from his position with the Mount Pleasant Police Department the next day and the disciplinary charges were dropped. The Mount Pleasant Police Department thereafter reported Aufiero's departure to DCJS as having been "for cause" under 9 NYCRR 6056.2 (g) (2). In December 2017, DCJS notified the Mount Vernon Police Department that Aufiero's police officer basic training certification became invalid as of October 21, 2017. Aufiero was notified by the Mount Vernon Police Department on December 28, 2017 that DCJS had reported that his basic training certificate had been invalidated. His employment was terminated effective January 12, 2018.
Petitioner Kenneth Brune received certification that he had completed an approved basic training program and began working as an officer for the City of Newburgh Police Department in June 2001. In August 2016, the City of Newburgh preferred disciplinary charges against Brune under Civil Service Law § 75. While the charges were pending, the City of Newburgh and Brune executed a settlement agreement on September 19, 2016 that provided for withdrawal of the charges in exchange for Brune immediately and irrevocably resigning from his position as police officer with an effective date of October 31, 2016. Brune's resignation was reported to DCJS on January 25, 2018 and, by letter dated February 7, 2018, DCJS advised Brune that his basic training certification had become invalid on November 1, 2016.
In April 2018, petitioners initiated this combined CPLR article 78 proceeding and action for declaratory judgment seeking to annul DCJS's determinations to invalidate their police officer basic training certificates. Supreme Court converted the combined proceeding/action to a CPLR article 78 proceeding upon consent of the parties and thereafter dismissed the petition as untimely. Petitioners appeal.
Although the parties agree that this proceeding is governed by the four-month statute of limitations set forth in CPLR 217 (1), they disagree as to when petitioners' causes of action arose. Most of petitioners' claims for relief are ultimately grounded on challenges to the validity of the regulations that were promulgated by DCJS in 2016 and 2017 [FN1]. The enactment of the challenged regulations were quasi-legislative acts (see Thrun v Cuomo, 112 AD3d 1038, 1040-1041 [2013], lv denied 22 NY3d 865 [2014]) and, therefore, challenges to the validity of regulations accrued when the regulations become effective (see id. at 1041; Matter of Town of Stony Point v State of N.Y. Dept. of Fin., Off. of Real Prop. Servs., 107 AD3d 1217, 1218 [2013]; see also Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1176 [2015], lv denied 26 NY3d 904 [2015]). Accordingly, inasmuch as the regulations became effective more than four months before this proceeding was commenced, Supreme Court properly found that petitioners' claims are time-barred. Petitioners' remaining contentions have been examined and found to lack merit.
Garry, P.J., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although Brune submitted his irrevocable resignation letter on September 19, 2016, it expressly provided that his resignation would be effective on October 31, 2016 — five days after the regulations were adopted — and it was submitted in settlement of disciplinary charges that could have resulted in his removal. Brune's arguments that he resigned before the regulations were enacted or, alternatively, that no disciplinary charges were pending on the effective date of his resignation are precluded by his acceptance of the benefits of the settlement, namely, being permitted to resolve the pending disciplinary charges by resigning and his further receipt of employment benefits from September 19, 2016 through the effective resignation date of October 31, 2016.