■    In the Matter of HELEN SPENDLE, Appellant, v. WILLARD T. ANDER-SON, Respondent.— Motion to prosecute appeal as poor person denied without prejudice to apply to Family Court. (See *Jenks* v. *Murphy*, 21 A D 2d 346.) Time for filing and serving records and briefs extended to April 4, 1968.

## (January 18, 1968)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARL C. PEACOCK, JR., Appellant.— Judgment unanimously affirmed. (See *People* v. *Goldman*, 21 N Y 2d 152; *People* v. *Tomasello*, 21 N Y 2d 143.) (Appeal from judgment of Erie County Court convicting defendant of perjury, first degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK L. SWEET, Appellant.— Judgment unanimously affirmed. (See *People* v. *Goldman*, 21 N Y 2d 152; *People* v. *Tomasello*, 21 N Y 2d 143.) (Appeal from judgment of Erie County Court convicting defendant of perjury, first degree.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■    RUSSELL DELMONTE et al., Respondents, v. LEONARD J. WOZNIAK, Appellant.— Order entered April 25, 1967, insofar as it denied defendant's motion to vacate order of December 13, 1966, and order entered December 13, 1966, unanimously reversed, without costs, and plaintiffs' motion to restore the action to the Trial Calendar denied. Memorandum: The action was commenced on April 21, 1964 to recover damages sustained in an accident which occurred on December 31, 1962. Issue was joined on May 16, 1964. Note of issue and certificate of readiness were filed by plaintiffs' attorneys on July 16, 1964. No further steps were taken in the prosecution of the action. The case was struck from the calendar on May 4, 1965 and dismissed for failure to prosecute on May 5, 1966. After a further delay of 7 months plaintiffs moved to open their default. Their only excuse for failure to restore the case to the calendar within the one-year period permitted by CPLR 3404 was that the calendar records kept by their attorneys were incorrectly marked. In these circumstances it was an improvident exercise of discretion to grant the order of December 13, 1966 opening the default, and the order appealed from, which on reargument on April 25, 1967 denied defendant's motion to set aside that order, should have been granted. (*Pisaturo* v. *McCloud*, 26 A D 2d 610; *Evans* v. *Kompinski*, 28 A D 2d 635.) (Appeal from certain parts of order of Erie Calendar Term denying motion to vacate order permitting plaintiff to open default.) Present — Bastow, J. P., Goldman, Marsh, Witmer and Henry, JJ.

■    ROBERT J. DE LANG, as Administrator of the Estate of REGINA DE LANG, Deceased, et al., Respondents, v. DOCTORS HOSPITAL, Defendant, and JOHN MOLEA, Appellant.— Order unanimously affirmed, without costs. Memorandum: In the light of the concessions contained in the respondent's brief, we construe the amended bill of particulars as sufficiently limiting the generalities contained in the original bill of particulars. (Appeal from order of Erie Special Term denying motion for an order of preclusion or a further bill of particulars.) Present — Bastow, J. P., Goldman, Del Vecchio, Witmer and Henry, JJ.