■ LORETTO-UTICA PROPERTIES CORPORATION, Appellant, v DOUGLAS COMPANY, Appellant, and COMMERCIAL UNION INSURANCE COMPANY, Respondent. [642 NYS2d 117] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the cross motion of defendant Commercial Union Insurance Company (Commercial Union) for summary judgment dismissing the complaint and the cross claim of defendant The Douglas Company (Douglas) against it. The builder's risk insurance policy issued to plaintiff by Commercial Union excludes from coverage loss resulting from "[e]arthquake, volcanic action, mud flow, earth sinking, earth rising or shifting, landslide or other earth movement unless fire or explosion results." Early in February 1994, a severe cold spell caused the ground to freeze under a vacant building owned by plaintiff that was being converted into a long-term health care facility. The frozen ground exerted pressure on the concrete floor of the building, causing the floor and the interior non-weight bearing walls to crack. Because the heaving of the ground caused by the frost represented "other earth movement" within the meaning of the policy exclusion, the court properly dismissed the first cause of action seeking damages for loss to plaintiff's building (*see, Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16; *see also, Weaver v Hanover Ins. Co.*, 206 AD2d 910; *Nowacki v United Servs. Auto Assn. Prop. & Cas. Ins. Co.*, 186 AD2d 1038).

The court also properly dismissed the second cause of action

against Commercial Union for the loss caused by Douglas's alleged failure to heat the building properly. The court's written decision establishes that the parties stipulated at oral argument that the loss at issue was caused by a frost heave and that, "if a frost heave is an excluded event[,] the policy would not apply." The court properly found that the frost heave is an excluded event, and thus, pursuant to the stipulation, the loss resulting from Douglas's alleged failure to heat the building falls outside the policy coverage. Unless public policy is violated, the parties are free to chart their own procedural course, and " 'may fashion the basis upon which a particular controversy will be resolved' " (*Mitchell v New York Hosp.*, 61 NY2d 208, 214, quoting *Cullen v Naples*, 31 NY2d 818, 820). Thus, "[p]arties may by stipulation shape the facts to be determined at trial and * * * circumscribe the relevant issues for the court * * * The role of the court, as in an interpretation of any contract, is to determine the intent and purpose of the stipulation" (*Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150, 159).

In light of our determination, we do not reach plaintiff's remaining contentions. (Appeals from Order of Supreme Court, Onondaga County, Tormey, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.