■ In the Matter of S.S. CANADIANA PRESERVATION SOCIETY, INC., Appellant, v JOSEPH H. BOARDMAN, as Commissioner of New York State Department of Transportation, Respondent. [694 NYS2d 539] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed this CPLR article 78 proceeding because it was not commenced within four months of the notice from respondent that it was withdrawing the grant of funds that had been awarded to petitioner

(*see*, CPLR 217). On December 8, 1994, respondent awarded petitioner the sum of $400,000 in ISTEA Funds in connection with the restoration and operation of the S.S. *Canadiana*, a lake steamer. On October 3, 1996, respondent notified petitioner that it was withdrawing the grant award because the S.S. *Canadiana* was not eligible for inclusion on the National Register of Historic Places. However, on December 31, 1997, respondent extended the time for petitioner to attempt to obtain historic designation to March 31, 1998. Petitioner was unable to obtain historic designation.

We reject petitioner's contention that the Statute of Limitations began to run on December 31, 1997. The letter of October 3, 1996 provided notice of a final and binding determination by respondent (*see, e.g., New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165). The grant of an extension of time to comply with the final determination was merely incidental to that determination and "did not affect the determination which aggrieved [petitioner]" (*Matter of Metropolitan Package Store Assn. v Duffy*, 143 AD2d 832, 833, *lv denied* 73 NY2d 705). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—CPLR art 78.) Present—Green, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.