■■■ JOSEPH ELSTON, SR., as Parent and Natural Guardian of JOSEPH ELSTON, JR., an Infant, Respondent, v JULIOUS CANTY, Appellant. [788 NYS2d 907]—Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered February 27, 2004. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for an injury sustained by his son in a motor vehicle accident, and defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's son did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted that part of the motion with respect to the 90/180 category of serious injury and determined that there are issues of fact with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and defendant appeals. We note, however, that defendant conceded at oral argument of this appeal that, if causally related, the injury sustained by plaintiff's son giving rise to this action constitutes a permanent consequential limitation of use or a significant limitation of use. Based on that concession (*see generally Lefkowitz v Weis*, 261 AD2d 448 [1999]; *Spencer v Spencer*, 230 AD2d 645, 648 [1996]; *Schwartz v Leonard*, 138 AD2d 692, 694 [1988]; *Griswold v Kurtz*, 80 AD2d 983 [1981]), the only remaining issue for our determination is whether on the record before us there is a triable issue of fact on the question of causation, and we conclude that there is. In opposition to the motion, plaintiff submitted the affirmation and attached report of a neurologist who examined plaintiff's son, in which she stated that it is "likely" that plaintiff's son sustained a "concussive injury," resulting in the recommended limitation on his activities set forth in her report (*see generally Matott v Ward*, 48 NY2d 455 [1979]). We

therefore affirm. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.