■ In the Matter of ANTHONY R. PATERSON, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. [807 NYS2d 450]—

Crew III, J. Appeal from a judgment of the Supreme Court (Clemente, J.), entered July 26, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition as time-barred.

Petitioner and his employer entered into a settlement agreement in May 2002, pursuant to the terms of which petitioner was to retire from his position effective January 2, 2002. Petitioner filed an application for retirement benefits in June 2002 in which he indicated that his effective date of retirement was January 2, 2002. By letter dated August 12, 2003, respondent advised petitioner that his application had been processed to completion and that the actual amount of his benefit had been established using June 30, 2002 as his effective retirement date. To that end, petitioner was informed of the wire transfer amount he would receive at the end of August 2003, as well as the monthly benefit payments that would follow. In response, petitioner's attorney sent two letters indicating that petitioner's effective date of retirement as per the foregoing settlement agreement was January 2, 2002 and requesting that respondent recalculate petitioner's benefits accordingly. By letter dated December 18, 2003, respondent declined petitioner's request in this regard, explaining in some detail that there was no legal basis for it to "reconsider its final determination," as documented in the August 12, 2003 letter regarding petitioner's effective retirement date. In April 2004, petitioner commenced this instant proceeding pursuant to CPLR article 78 challenging respondent's determination in this regard. Supreme Court granted respondent's subsequent motion to dismiss the proceeding as time-barred, prompting this appeal by petitioner.

We affirm. Pursuant to CPLR 217 (1), "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner," which, in turn, occurs when such determination "definitively impacts and aggrieves the party seeking judicial review" (*Matter of Scott v City of Albany*, 1 AD3d 738, 739 [2003]). Applying these principles to the matter before us,

we agree with Supreme Court that respondent's August 12, 2003 letter advising petitioner that his application had been processed to completion and setting forth the benefits awarded constituted a final and binding determination for purposes of CPLR article 78 review. Indeed, this matter is indistinguishable from the situation presented in *Matter of Adler v New York State Teachers' Retirement Sys.* (188 AD2d 732 [1992]), wherein the petitioner received a letter from respondent informing him what his final retirement benefits would be and, as occurred here, the petitioner's attorney subsequently requested a recalculation of such benefits. This Court held that the request to recompute the petitioner's benefits did not serve to make the initial determination nonfinal, particularly in view of the fact that respondent was under no statutory or regulatory obligation to reconsider the petitioner's case (*id.* at 733). Here, petitioner was advised of his benefits award in August 2003 but did not commence this proceeding until April 2004, well beyond the four-month statute of limitations set forth in CPLR 217 (1). Accordingly, Supreme Court properly granted respondent's motion to dismiss the proceeding as time-barred.

Cardona, P.J., Mercure and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.