■ In the Matter of MARY JONES et al., Respondents, v BOARD OF EDUCATION OF WATERTOWN CITY SCHOOL DISTRICT et al., Appellants. (Appeal No. 2.) [816 NYS2d 796]—

Appeal from a judgment (denominated judgment/order) of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered January 20, 2005 in a proceeding pursuant to CPLR article 78. The judgment, among other things, annulled the determination of respondent Board of Education of Watertown City School District diminishing the contributions of respondent Watertown City School District for health care premiums on behalf of petitioners.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the motion for class certification and as modified the judgment is affirmed without costs.

Memorandum: Petitioners, retired employees of respondent Watertown City School District (District), commenced these CPLR article 78 proceedings seeking, inter alia, to annul the determination of respondent Board of Education of Watertown City School District (Board) diminishing the District's contributions for health care premiums on behalf of retirees from 100% to 90%. The Board negotiated with the various unions representing educators in the District and came to agreements whereby the District would contribute 90% of the health care premium for active employees, effective July 1, 1994, which was a decrease from the District's prior 94% contribution. At that time, the District contributed 100% of the health care premium for retirees. On November 5, 2003, the Board adopted a resolution requiring retirees to pay 10% of the health care premiums, phased in over a three-year period commencing July 1, 2004, and gave notice of the resolution to the retirees on or about January 23, 2004. According to petitioners, the District violated chapter 48 of the Laws of 2003, as amended by chapter 25 of the Laws of 2004, when it determined that retirees had to pay 10% of the health care premiums. On June 29, 2004, the Board adopted a resolution suspending the collection of contributions for health care premiums from retirees pending the resolution of these proceedings.

Respondents contend that the amended petition in appeal No. 2 (Jones petition) and the petition in appeal No. 3 (Fisher petition) are time-barred. The four-month statute of limitations applicable to CPLR article 78 proceedings began to run when petitioners were sent a letter on or about January 23, 2004 notifying them of the District's determination (*see Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75

NY2d 62, 72 [1989]; *Matter of Turner v Bethlehem Cent. School Dist.*, 265 AD2d 640, 641 [1999]). Contrary to respondents' contention, the Jones petition is not time-barred because that proceeding was commenced on May 7, 2004, within the four-month statute of limitations. We agree with respondents, however, that the Fisher petition is time-barred because that proceeding was commenced on August 27, 2004, well after the statute of limitations had expired. We therefore reverse the judgment in appeal No. 3, deny the motion of Charles Fisher, the petitioner therein, for summary judgment and class certification, grant in its entirety respondents' cross motion seeking summary judgment and dismiss the petition.

The remaining issues before us are whether Supreme Court erred in granting the relief sought in the Jones petition, annulling the Board's determination diminishing the District's contributions toward health care premiums for retirees from 100% to 90%, whether notices of claim were required in the Jones proceeding, and whether the court abused its discretion in granting the motion of petitioners in the Jones proceeding for class certification. We conclude that the court properly annulled the Board's determination and properly determined that notices of claim were not required but erred in granting the motion for class certification, and we therefore modify the judgment in appeal No. 2 accordingly.

With respect to the merits of the relief sought in the Jones petition, we note that, as originally enacted, the relevant statute provided: "From on and after June 30, 1994 until May 15, 1995, a school district . . . shall be prohibited from diminishing the health insurance benefits provided to retirees and their dependents or the contributions such . . . district makes for such health insurance coverage below the level of such benefits or contributions made on behalf of such retirees and their dependents by such district . . . unless a corresponding diminution of benefits or contributions is effected from the present level during this period by such district . . . from the corresponding group of active employees for such retirees" (L 1994, ch 729). Each year, the Legislature has extended the effective period of the statute by repealing the sunset date and replacing it with a new sunset date. The present sunset date is May 15, 2007 (*see* L 2006, ch 27). Although the sunset date has changed every year, the starting date has not. Thus, the current version of the statute provides that it applies "[f]rom on and after June 30, 1994 until May 15, 2007" (*id.*). The law was enacted as an interim measure to " 'limit the risk of benefit reductions to educational retirees until the Temporary Task Force has made its final

recommendations on this issue' " (*Matter of Bryant v Board of Educ., Chenango Forks Cent. School Dist.*, 21 AD3d 1134, 1135 [2005], quoting Governor's Approval Mem, 1994 McKinney's Session Laws of NY, at 3015). However, no comprehensive legislation has been enacted. In the memorandum in support of the 2003 extension of the statute, the Senate noted that the statute "protects retirees by in effect making them part of the collective bargaining process. [It] does not, however, prevent school districts from taking cost-cutting measures, so long as these apply equally to active employees and retirees" (Senate Mem in Support, 2003 McKinney's Session Laws of NY, at 1624).

Here, the resolution adopted by the Board violated the statute inasmuch as the District sought to diminish its contributions for health care premiums on behalf of retirees by 10% whereas the diminution of contributions by the District for health care premiums on behalf of employees was only 4%. The court thus properly annulled the Board's determination. We disagree with the court's reasoning, however, that the relevant time period during which the District may diminish contributions on behalf of retirees with a corresponding diminution of contributions on behalf of active employees is limited to a one-year period. The statute prohibits the District from diminishing contributions for health care coverage for retirees unless a corresponding diminishment of contributions is effected by the District for active employees "during this period." At the time of this proceeding, that period was "[f]rom on and after June 30, 1994 until May 15, 2007" (L 2006, ch 27).

We reject respondents' contention that notices of claim were required in this CPLR article 78 proceeding to enforce a legal right (*see Matter of Brunecz v City of Dunkirk Bd. of Educ.*, 23 AD3d 1126, 1127 [2005]; *Matter of Piaggone v Board of Educ., Floral Park-Bellrose Union Free School Dist.*, 92 AD2d 106, 108 [1983]; *see also Matter of Delle v Kampe*, 296 AD2d 498, 499 [2002]). We agree with respondents, however, that the court abused its discretion in granting the motion for class certification in the Jones proceeding. "It is well settled that a class action is not considered the superior method for the fair and efficient adjudication of a controversy against a governmental body" (*Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562-563 [2001], *lv dismissed* 97 NY2d 677 [2001]; *see generally* CPLR 901 [a] [5]). As the Court of Appeals has written, " 'where governmental operations are involved, and where subsequent petitioners will be adequately protected under the principles of *stare decisis*, . . . class action relief is not necessary' " (*Baumes v Lavine*, 38

NY2d 296, 305 [1975] [citation omitted]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ. [*See* 6 Misc 3d 1035(A), 2005 NY Slip Op 50306(U).]