# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**242**
**CA 13-01666**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

PAMELA J. QUILTY, PLAINTIFF-APPELLANT,

                V                          MEMORANDUM AND ORDER

DANIELLE J. CORMIER, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF WILLIAM MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BARTH SULLIVAN BEHR, BUFFALO (JAMES A. DAVIS OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered December 7, 2012. The order granted defendant's motion to compel plaintiff to provide unrestricted medical record authorizations.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this personal injury action seeking damages for injuries she allegedly sustained in a motor vehicle accident. Contrary to plaintiff's contention, Supreme Court properly granted defendant's motion to compel plaintiff to provide unrestricted medical record authorizations inasmuch as she failed to comply with a stipulated order directing her to do so by a certain date. Notably, plaintiff does not contest the validity of that stipulated order. "[U]nless public policy is affronted, parties to a civil dispute are free to chart their own litigation course . . . They 'may fashion the basis upon which a particular controversy will be resolved . . . and in doing so '[t]hey may stipulate away . . . rights' " (*Mitchell v New York Hosp.*, 61 NY2d 208, 214; *see generally Hann v Black*, 96 AD3d 1503, 1504). We nevertheless note that, at oral argument, defendant's counsel agreed that the records may first be submitted to the court for an in camera review to determine their relevancy.

Entered: March 21, 2014                      Frances E. Cafarell
                                                    Clerk of the Court