# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**406**

**CA 15-01482**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

CARL HASSELBACK, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

2055 WALDEN AVENUE, INC., AND RONALD BENDERSON
AND DAVID BALDAUF, AS TRUSTEES UNDER A TRUST
AGREEMENT DATED SEPTEMBER 22, 1993, KNOWN AS
THE RANDALL BENDERSON 1993-1 TRUST,
INTERVENORS-DEFENDANTS-APPELLANTS.

---

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (JOHN J. HENRY OF COUNSEL), FOR
INTERVENORS-DEFENDANTS-APPELLANTS.

THE MCGORRY LAW FIRM, LLP, BUFFALO (MICHAEL P.J. MCGORRY OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered April 1, 2015. The judgment, among other things, granted plaintiff's motion for summary judgment and denied intervenors-defendants' motion for partial summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied, the motion of the intervenors-defendants is granted and partial judgment is granted in favor of the intervenors-defendants as follows:

It is ADJUDGED AND DECLARED that the intervenors-defendants are entitled to make improvements to the leased parcel provided that such improvements do not unreasonably interfere with plaintiff's use of the burdened parcel for ingress and egress to and from plaintiff's property.

Memorandum: Plaintiff commenced a special proceeding, which has since been converted into an action, against the owner of an 18-acre parcel of property (larger parcel) upon which was situated a 2.4 acre parcel burdened by an easement in favor of plaintiff (burdened parcel). Plaintiff sought to enjoin the owner from erecting any "barriers, fencing, walls or the like within the easement area." Supreme Court thereafter granted a motion by the intervenors-defendants (hereafter, Benderson), to intervene as party defendants. Benderson leases 4.6 acres of the larger parcel (leased parcel), and the burdened parcel is situated within that leased parcel. Once

Benderson entered the action, plaintiff discontinued its action against the owner of the larger parcel. In its amended answer, Benderson asserted two counterclaims seeking, inter alia, a declaration "whether [its] proposed development . . . infringes upon [plaintiff's] claimed rights" in the burdened parcel.

Plaintiff moved for summary judgment "permanently enjoining and restraining [Benderson] from erecting or causing to be erected any barriers, fencing, walls or the like" on the burdened parcel as well as "prohibiting and permanently enjoining [Benderson] from blocking Plaintiff's access or use in any way" of the burdened parcel. Plaintiff contended that any type of structure built on the burdened parcel would prevent his customers from accessing his property.

Benderson moved for partial summary judgment declaring that Benderson is permitted, inter alia, "to make improvements to the [leased parcel], so long as the improvements do not unreasonably interfere with [p]laintiff's use of the [burdened parcel] for ingress and egress" to and from plaintiff's property. Of particular note, Benderson specifically stated that it was "not seeking summary judgment declaring that its particular proposed use [was] allowable under the easement." Instead, Benderson conceded that "the fact-sensitive inquiry of whether Benderson's plan . . . unreasonably interfere[d] with [p]laintiff's right of ingress and egress must await trial."

At oral argument of the motions, the parties stipulated that the deed containing the easement language was "unambiguous" and that its interpretation was "a matter of law to be determined by the court." The parties also specified that neither plaintiff nor Benderson had moved for summary judgment on the issue whether Benderson's proposed development would unreasonably interfere with plaintiff's rights under the easement.

In its order, the court concluded that the unambiguous language of the easement permitted improvements on the easement parcel. The court further concluded that Benderson's proposed improvements would "unduly impair [p]laintiff's right of passage over the [b]urdened [p]arcel." In the first decretal paragraph, however, the court ordered that it was granting plaintiff's motion "in its entirety" and declared that Benderson did not "possess the right to construct the [p]roposed [i]mprovement on the [b]urdened [p]arcel, because it would unduly impair [p]laintiff's right of passage over it."

As a preliminary matter, we agree with Benderson that the court erred in rendering any decision on the reasonableness of the proposed improvement. It is well settled that, "[u]nless public policy is violated, the parties are free to chart their own procedural course, and may fashion the basis upon which a particular controversy will be resolved . . . Thus, [p]arties may by stipulation shape the facts to be determined at trial and . . . circumscribe the relevant issues for the court" (*Loretto-Utica Props. Corp. v Douglas Co.*, 226 AD2d 1058, 1059 [internal quotation marks omitted]; *see Mitchell v New York Hosp.*, 61 NY2d 208, 214). Due to the limited scope of the respective

motions, the court erred in rendering any decision on the reasonableness of the proposed improvement.  In any event, the record establishes that there are triable issues of fact whether the proposed development unduly impairs plaintiff's right of ingress and egress over the burdened parcel.

Plaintiff contends, in response to Benderson's appeal, that the court erred in determining that the language of the easement permitted any improvements on the burdened parcel.  Contrary to Benderson's contention, plaintiff is permitted to address that issue.  Here, despite the language in the body of its decision and order, the court "ordered" that plaintiff's motion for summary judgment was granted "in its entirety."  As a result, plaintiff was not aggrieved by the order and could not appeal (*see* CPLR 5511).  Pursuant to CPLR 5501 (a) (1), a respondent on appeal may "obtain review of a determination incorrectly rendered below where, otherwise, he [or she] might suffer a reversal of the final judgment or order upon some other ground. Hence, the successful party, who is not aggrieved by the judgment or order appealed from and who, therefore, has no right to bring an appeal, is entitled to raise an error made below, for review by the appellate court, as long as that error has been properly preserved and would, if corrected, support a judgment in his [or her] favor" (*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546; *see Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488).  We thus address the merits of plaintiff's contention.

On the merits, however, we reject plaintiff's contention.  Due to the stipulation of the parties that the language of the easement was unambiguous, we are constrained to review only the language contained within the four corners of the instrument (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162).  Although the deed containing the easement excepted and reserved an easement "across and over the *entire* [burdened parcel] for the purpose of free ingress and egress" (emphasis added), subject to two conditions not relevant here, the deed also contained a restriction precluding the erection of any structure or the operation of any business on the burdened parcel that sold or dispensed liquid vehicle fuel.  " 'Under the standard canon of contract construction expressio unius est exclusio alterius, that is, that the expression of one thing implies the exclusion of the other' " (*Mastrocovo v Capizzi*, 87 AD3d 1296, 1298), the fact that the deed specifically prohibited the erection of one particular type of structure and the operation of one particular type of business compels us to conclude that the erection of other types of structures and the operation of other types of businesses are not so precluded.  If the parties to the deed had intended to preclude the erection of all structures and the operation of all businesses, then the reference to those structures or businesses that sold or dispensed liquid vehicle fuel "would have been unnecessary" (*Realtime Data, LLC v Melone*, 104 AD3d 748, 751; *see generally Matter of New York City Asbestos Litig.*, 41 AD3d 299, 302).

Plaintiff contends that the restriction applied to the entirety of the larger parcel, but that contention is not supported by the language of the deed containing the easement.  Rather, plaintiff's

contention is based on extrinsic evidence.  It is well settled that "[e]vidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assoc.*, 77 NY2d at 162; *see Alt v Laga*, 207 AD2d 971, 971).

We thus conclude that the intent of the easement was to provide plaintiff "only a right of ingress and egress, [and as a result], it [was] the right of passage, and not any right in a physical passageway itself, that [was] granted to the easement holder" (*Lewis v Young*, 92 NY2d 443, 449).  Benderson, as the leaseholder of the parcel burdened by an express easement of ingress and egress may therefore "narrow it, cover it over, gate it or fence it off, so long as the [plaintiff's] right of passage is not impaired" (*id.*).  The issue whether Benderson's proposed development will impair plaintiff's right of passage must be determined at trial.

Entered:  May 6, 2016                     Frances E. Cafarell
                                          Clerk of the Court