# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

700

CA 15-01923

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF NANCY ALTIC, ET AL.,
PETITIONERS-RESPONDENTS,

V             MEMORANDUM AND ORDER

BOARD OF EDUCATION, ONONDAGA-CORTLAND-MADISON
BOARD OF COOPERATIVE EDUCATIONAL SERVICES,
J. FRANCIS MANNING, IN HIS CAPACITY AS
SUPERINTENDENT OF ONONDAGA-CORTLAND-MADISON
BOARD OF COOPERATIVE EDUCATIONAL SERVICES, AND
ONONDAGA-CORTLAND-MADISON BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, RESPONDENTS-APPELLANTS.

---

FERRARA FIORENZA PC, EAST SYRACUSE (CRAIG M. ATLAS OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

RICHARD E. CASAGRANDE, LATHAM (MATTHEW E. BERGERON OF COUNSEL), FOR
PETITIONERS-RESPONDENTS.

---

  Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Onondaga County (James P. Murphy, J.), entered January
20, 2015 in a CPLR article 78 proceeding. The judgment granted the
petition and annulled respondents' determination to reduce the
prescription drug benefits of petitioners.

  It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs and the petition is
dismissed.

  Memorandum: In this CPLR article 78 proceeding, respondents
appeal from a judgment that granted the petition and annulled
respondents' determination to reduce the prescription co-pay benefit
for petitioners, who are retired employees, to the same level as
active employees. We agree with respondents that Supreme Court erred
in determining that respondents' action violated chapter 504 of the
Laws of 2009 (hereafter, moratorium statute). The moratorium statute,
first enacted in 1994 (*see* L 1994, ch 729, § 1) "sets a minimum
baseline or 'floor' for retiree health benefits, and that 'floor' is
measured by the health insurance benefits received by active employees
. . . In other words, the moratorium statute does not permit an
employer to whom the statute applies to provide retirees with lesser
health insurance benefits than active employees" (*Matter of Anderson v
Niagara Falls City Sch. Dist.*, 125 AD3d 1407, 1408, *lv denied* 25 NY3d
908). Here, it is undisputed that the prescription co-pay benefits

for petitioners and active employees were identical from June 30, 1994, the "starting date" of the moratorium law (*Matter of Jones v Board of Ed. of Watertown City Sch. Dist.*, 30 AD3d 967, 969; *see* L 2009, ch 504, part B, § 14), until July 1, 2007, when, pursuant to a collective bargaining agreement (CBA), the benefit for active employees was reduced. The benefit for active employees was again reduced pursuant to a subsequent CBA, effective September 1, 2013. Thereafter, petitioners were notified that their benefit would be reduced to the same level as the active employees' benefit, effective April 1, 2014. We conclude that, inasmuch as there was a "corresponding diminution of benefits . . . effected [with respect to petitioners and active employees] . . . from the present level during this period" (L 2009, ch 504, part B, § 14), i.e., "on or after June 30, 1994" (*id.; cf. Anderson*, 125 AD3d at 1408-1409; *Jones*, 30 AD3d at 969), respondents did not violate the moratorium statute.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court