Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 20, 2015 in a CPLR article 78 proceeding. The judgment granted the petition and annulled respondents’ determination to reduce the prescription drug benefits of petitioners.
It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: In this CPLR article 78 proceeding, respondents appeal from a judgment that granted the petition and *1312 annulled respondents’ determination to reduce the prescription co-pay benefit for petitioners, who are retired employees, to the same level as active employees. We agree with respondents that Supreme Court erred in determining that respondents’ action violated chapter 504 of the Laws of 2009 (hereafter, moratorium statute). The moratorium statute, first enacted in 1994 (see L 1994, ch 729, § 1) “sets a minimum baseline or ‘floor’ for retiree health benefits, and that ‘floor’ is measured by the health insurance benefits received by active employees . . . In other words, the moratorium statute does not permit an employer to whom the statute applies to provide retirees with lesser health insurance benefits than active employees” (Matter of Anderson v Niagara Falls City Sch. Dist. 125 AD3d 1407, 1408 [2015], lv denied 25 NY3d 908 [2015]). Here, it is undisputed that the prescription co-pay benefits for petitioners and active employees were identical from June 30, 1994, the “starting date” of the moratorium law (Matter of Jones v Board of Educ. of Watertown City School Dist., 30 AD3d 967, 969 [2006]; see L 2009, ch 504, § 1, part B, § 14), until July 1, 2007, when, pursuant to a collective bargaining agreement (CBA), the benefit for active employees was reduced. The benefit for active employees was again reduced pursuant to a subsequent CBA, effective September 1, 2013. Thereafter, petitioners were notified that their benefit would be reduced to the same level as the active employees’ benefit, effective April 1, 2014. We conclude that, inasmuch as there was a “corresponding diminution of benefits . . . effected [with respect to petitioners and active employees] . . . from the present level during this period” (L 2009, ch 504, § 1, part B, § 14), i.e., “on or after June 30, 1994” (id.; cf. Anderson, 125 AD3d at 1408-1409; Jones, 30 AD3d at 969), respondents did not violate the moratorium statute.
Present — Centra, J.P., Lindley, Curran, Troutman and Scudder, JJ.