# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**832**

**CA 15-02176**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF VICTORIA KNAVEL, PATRICIA LENOX,
WILLIAM K. MAY AND SUSAN DRABIK, ON BEHALF OF
THEMSELVES AND CERTAIN OTHER RETIRED EMPLOYEES OF
WEST SENECA CENTRAL SCHOOL DISTRICT FORMERLY IN
CSEA BARGAINING UNIT, PETITIONERS-APPELLANTS,

V                                               MEMORANDUM AND ORDER

WEST SENECA CENTRAL SCHOOL DISTRICT, DR. MARK J.
CRAWFORD, SUPERINTENDENT OF SCHOOLS, AND WEST
SENECA CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION,
RESPONDENTS-RESPONDENTS.

---

STEVEN A. CRAIN AND DAREN J. RYLEWICZ, CIVIL SERVICE EMPLOYEES
ASSOCIATION, INC., ALBANY (AARON E. KAPLAN OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

HODGSON RUSS LLP, BUFFALO (AARON M. SAYKIN OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered April 13, 2015 in a proceeding pursuant to CPLR article 78. The judgment granted the pre-answer cross motion of respondents to dismiss the petition and dismissed as moot the motion of petitioners for leave to amend the petition.

It is hereby ORDERED that the judgment so appealed from is reversed on the law without costs, the cross motion is denied, the petition is reinstated, respondents are granted 20 days from service of the order of this Court with notice of entry to serve and file an answer, and the matter is remitted to Supreme Court, Erie County, for a determination of the motion for leave to amend the petition.

Memorandum: Petitioners, who are retired employees of respondent West Seneca Central School District (District) and under the age of 65 years old, commenced this CPLR article 78 proceeding seeking to annul respondents' determination to discontinue the practice of offering "Under Age 65 retirees" the option of carrying their health insurance through the District's active employee Blue Cross/Blue Shield plan. During their employment with the District, petitioners were covered under a collective bargaining agreement between the District and the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (CSEA), which allowed petitioners to enroll in the same Blue

Cross/Blue Shield health insurance and Guardian dental insurance plans available to the District's current employees, at their own expense. On June 5, 2014, the District mailed to "Retirees Under age 65 carrying BlueCross BlueShield Health Insurance" an undated letter stating "that effective July 1, 2014, West Seneca Central School District will no longer offer Under Age 65 retirees the option of carrying their health insurance through the active employee Blue Cross Blue Shield plan." On June 18, 2014, following a meeting with affected retirees, the District issued to "retirees under age 65 Carrying BlueCross BlueShield Health Insurance" a letter stating that "the District has decided to extend your ability to participate in the CSEA Health Insurance Plan until August 1, 2014." On July 31, 2014, the District cancelled insurance coverage for retirees under age 65. According to petitioners, the District's actions violated the "Retiree Health Insurance Moratorium Law" (L 2009, ch 504, § 1, part B, § 14).

Petitioners moved for leave to amend the petition and, in lieu of filing an answer, respondents cross-moved to dismiss the petition on the ground that it was barred by the four-month statute of limitations (*see* CPLR 217 [1]). Supreme Court granted the cross motion and dismissed the petition, further concluding that petitioners' motion to amend was moot. We reverse.

Initially, we and our dissenting colleagues agree that the "determination to be reviewed" in this proceeding is the decision embodied in the undated letter sent on June 5, 2014 (CPLR 217 [1]). We note that respondents correctly concede that they bear the burden of establishing in the first instance that the proceeding was not timely commenced within the applicable four-month statute of limitations (*see id.; Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699).

Respondents contend that the date of mailing, rather than the date of receipt by petitioners, of the undated letter to petitioners notifying them of the discontinuance of their participation in the District's health insurance plan, was the event which began the running of the statute of limitations. In order to apply the date of mailing to the analysis, which involves a constructive notice test, it is necessary to make the legal conclusion, as a threshold matter, that the determination at issue was "quasi-legislative" in nature (*see Matter of Owners Comm. on Elec. Rates v Public Serv. Commn. of State of N.Y.*, 76 NY2d 779, 780, *revg on dissenting op of Levine, J.*, 150 AD2d 45, 51-54). Respondents contend that the undated letter is properly characterized as a "quasi-legislative" decision, that actual notice is not required, and that constructive notice by mailing was sufficient to commence the four-month limitations period. We recognize that at oral argument of this appeal petitioners' counsel joined in the legal conclusion that the determination was "quasi-legislative." However, this Court is not bound by an erroneous concession of counsel or the parties with respect to a legal principle and such "concession does not . . . relieve us from the performance of our judicial function and does not require us to adopt the proposal urged upon us" (*People v Berrios*, 28 NY2d 361, 366-367). "When an issue or claim is properly before the court, the court is not limited

to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law" (*Kamen v Kemper Fin. Servs.*, 500 US 90, 99). We simply cannot turn a blind eye to the unsubstantiated and patently erroneous legal conclusion offered by the parties on this record (*see generally Arcadia, Ohio v Ohio Power Co.*, 498 US 73, 77, *reh denied* 498 US 1075). We have no quarrel with a litigant conceding an issue of fact (*see Elston v Canty*, 15 AD3d 990, 990), or conceding that a bill of particulars is sufficiently specific (*see Griswold v Kurtz*, 80 AD2d 983, 983), or waiving a beneficial right (*see Mitchell v New York Hosp.*, 61 NY2d 208, 214). Those types of concessions do not intrude upon the judicial function of correctly identifying and applying the law to the facts.

A quasi-legislative-type administrative determination is one having an impact far beyond the immediate parties at the administrative stage (*see Owners Comm. on Elec. Rates*, 150 AD2d at 53 [Levine, J.]; *Matter of Plainview-Old Bethpage Congress of Teachers v New York State Health Ins. Plan*, 140 AD3d 1329, 1331). Thus, where a quasi-legislative determination is challenged, "actual notice of the challenged determination is not required in order to start the statute of limitations clock" (*Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv.*, 124 AD3d 1174, 1176, *lv denied* 26 NY3d 904). The policy underlying the rule is that actual notice to the general public is not practicable (*see Owners Comm. on Elec. Rates*, 150 AD2d at 53). Instead, the statute of limitations begins to run once the administrative agency's quasi-legislative determination of the issue becomes "readily ascertainable" to the complaining party (*Matter of Riverkeeper, Inc. v Crotty*, 28 AD3d 957, 962).

On the other hand, where the public at large is not impacted by a determination, actual notice, commonly in the form of receipt of a letter or other writing containing the final and binding determination, is required to commence the statute of limitations (*see Matter of Essex County v Zagata*, 91 NY2d 447, 453; *New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165-166).

Here, the only evidence submitted by respondents with respect to the determination to discontinue the practice of permitting "Under Age 65 retirees" the option of carrying their health insurance through the District's Blue Cross/Blue Shield plan was the undated letter that was signed by the "Assistant Superintendent, Human Resources." That letter makes no mention of any meeting of, or resolution by, respondent West Seneca Central School District Board of Education (Board of Education) at which the participation of "Under Age 65 retirees" in the health insurance plan was discussed or voted upon. The Assistant Superintendent does not mention the authority, if any, upon which he issued the letter. The undated letter does not identify when the determination was made or by whom it was made. The letter does not indicate that it was the Assistant Superintendent's decision to make or that he was acting at the direction of the Board of Education or respondent Dr. Mark J. Crawford, Superintendent of Schools (Superintendent).

In other words, respondents wholly failed to submit any evidence establishing *the process* that resulted in the issuance of the undated letter, and the record is otherwise devoid of any evidence of the nature of the process giving rise to the determination.  In our view, all of those facts and factual shortcomings are critical to the analysis.  Moreover, respondents do not explain how dropping the letter in the mailbox made the determination "readily ascertainable" to anyone—and more particularly to the individual petitioners/retirees.

The determination clearly had no impact upon the public at large, and respondents have wholly failed to establish that actual notice to the affected persons would be impracticable or unduly burdensome.  Indeed, in their moving papers, respondents failed to quantify the number of affected "Under Age 65 retirees."  Even assuming, arguendo, that a District resident or taxpayer sought to challenge the determination, we note that respondents fail to explain how the undated letter, privately addressed and mailed only to "Under Age 65 retirees," would be "readily ascertainable" to a resident or taxpayer in the District so as to commence the running of the statute of limitations with respect to such a challenge.  Nor do respondents explain how an "Under Age 65 retiree" would be expected to know that he or she was aggrieved by the undated letter when nothing further in the way of notice was given by respondents other than dropping the letter in a mailbox (*cf. School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1177-1178).

We thus conclude that respondents failed to meet their burden of establishing that the challenged determination was "quasi-legislative" and, therefore, that the "readily ascertainable" constructive notice test should be applied herein (*Riverkeeper, Inc.*, 28 AD3d at 962; *see School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1176-1177).

We further conclude that our decision in *Matter of Jones v Board of Educ. of Watertown City Sch. Dist.* ([appeal No. 2], 30 AD3d 967), is inapplicable to the facts presented here.  In *Jones*, the Board of Education passed a resolution that required retirees to contribute to their health insurance premiums.  The impacted retirees were informed of the resolution in a letter from the Superintendent of the subject school district that was mailed to and received by the petitioners. *Jones* concluded that the mailing of the letter—not receipt—was the triggering event for commencing the limitations period (*id.* at 968-969).  Nonetheless, *Jones* did not address the issue whether the determination was "quasi-legislative."  Nor did it resolve the question of why the subject school board's resolution was not the triggering event in that case.  Even assuming, arguendo, that the *Jones* Court considered the determination to be of a "quasi-legislative" nature, in our view it may very well have been that the *Jones* Court concluded that a school board's public meeting, published resolution, and mailing—*in combination*—made the determination "readily ascertainable" (*see School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1176-1177).  However, inasmuch as *Jones* neither explicitly addressed nor resolved those issues, we conclude that it has no precedential value toward the resolution of this appeal on the facts before us.

Lastly, inasmuch as respondents, in our view, failed to meet their burden to establish when the four-month statute of limitations commenced, the burden did not shift to petitioners to establish any particular date of individual receipt of the undated letter.  In any event, respondents failed to establish any dates of receipt by petitioners in their moving papers.

Finally, we further conclude that "[t]he grant of an extension of time to comply with the final determination was merely incidental to that determination and did not affect" the time at which the statute of limitations began to run (*Matter of S.S. Canadiana Preserv. Socy. v Boardman*, 262 AD2d 961, 962 [internal quotation marks omitted]; *see Matter of Metropolitan Package Store Assn. v Duffy*, 143 AD2d 832, 833, *lv denied* 73 NY2d 705).

CARNI and DEJOSEPH, JJ., concur; PERADOTTO, J.P., concurs in the following memorandum:  I agree with petitioners that Supreme Court erred in granting respondents' pre-answer cross motion to dismiss the petition as time-barred and denying as moot petitioners' motion for leave to amend the petition.  However, inasmuch as my rationale for reaching that conclusion differs from the plurality, I concur in the result only.

There is no dispute that this CPLR article 78 proceeding is governed by the statute of limitations period set forth in CPLR 217 (1), which requires that a petitioner commence the proceeding " 'within four months after the determination to be reviewed becomes final and binding upon the petitioner' " (*Walton v New York State Dept. of Corr. Servs.*, 8 NY3d 186, 194).  "An administrative determination becomes 'final and binding' when two requirements are met:  completeness (finality) of the determination and exhaustion of administrative remedies.  'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further administrative action or by steps available to the complaining party' " (*id.* at 194).  Here, the undated letter indicating that respondent West Seneca Central School District (District) would no longer offer retirees under age 65 the option of carrying health insurance through the active employee Blue Cross/Blue Shield plan constituted respondents' definitive position on that issue, which could not have been " 'significantly ameliorated by further administrative action or by steps available to [petitioners]' " (*id.; see Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv.*, 124 AD3d 1174, 1177, *lv denied* 26 NY3d 904).  Contrary to petitioners' contention, the District's subsequent action in granting an extension to affected retirees with respect to the effective date of the final determination "was merely incidental to that determination" and did not affect its finality (*Matter of S.S. Canadiana Preserv. Socy. v Boardman*, 262 AD2d 961, 962; *see School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1177-1178; *Matter of Metropolitan Package Store Assn. v Duffy*, 143 AD2d 832, 833, *lv denied* 73 NY2d 705).

I nonetheless agree with petitioners that respondents failed to

meet their initial burden of establishing that the petition was untimely because the time to commence the proceeding had expired, which required that respondents establish, inter alia, when the statute of limitations began to run (*see generally Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 73; *Larkin v Rochester Hous. Auth.*, 81 AD3d 1354, 1355).  Initially, the nature of the determination must be ascertained in order to resolve when the statute of limitations began to run.  I agree with the parties and the dissent that respondents' decision to no longer offer retirees under age 65 the option of carrying health insurance through the active employee plan was a quasi-legislative determination (*see Matter of Owners Comm. on Elec. Rates v Public Serv. Commn. of State of N.Y.*, 76 NY2d 779, 780, *revg on dissenting op of Levine, J.*, 150 AD2d 45, 51-54; *see generally School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1175-1176).  The nature of the determination, i.e., the decision of a school district to discontinue offering certain of its retirees enrollment access to a particular health insurance plan, has none of the hallmarks of quasi-judicial decision-making (*see* Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7801:2).

"In the context of quasi-legislative determinations . . . , actual notice of the challenged determination is not required in order to start the statute of limitations clock; rather, the statute of limitations begins to run once the administrative agency's 'definitive position on the issue [becomes] readily ascertainable' to the complaining party" (*School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1176-1177; *see Owners Comm. on Elec. Rates*, 150 AD2d at 53 [Levine, J., dissenting]).  Thus, a quasi-legislative determination becomes binding, and the statute of limitations begins to run, on the date that the aggrieved party is constructively notified of the challenged determination, i.e., when that determination becomes readily ascertainable to the aggrieved party (*see School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1176-1177; *see generally Village of Westbury*, 75 NY2d at 72).

Respondents assert that the statute of limitations began to run on June 5, 2014, when they mailed the undated letter to the affected retirees, and that the proceeding was commenced on October 10, 2014 after expiration of the four-month statute of limitations period. While respondents established that they mailed the undated letter, both their submissions and the case upon which they rely, *Matter of Jones v Board of Educ. of Watertown City Sch. Dist.* (30 AD3d 967, 968-969), fail to explain how that action alone, i.e., placing the letter in the custody of the United States Postal Service on June 5, 2014 for regular delivery, could have rendered the determination contained in that letter readily ascertainable to the affected retirees on that same date.  The record does not establish that respondents undertook any other notification procedures to disseminate the subject information that would have adequately provided petitioners with constructive notice of the District's determination on that date (*cf. Owners Comm. on Elec. Rates*, 150 AD2d at 52 [Levine, J., dissenting]; *School Adm'rs Assn. of N.Y. State*, 124 AD3d at 1177-

1178).  The email received by the District's personnel supervisor from a Blue Cross/Blue Shield representative on June 9, 2014, which was submitted by respondents in support of their cross motion, contained only hearsay statements from unidentified retirees that they were going to lose coverage after June 30, 2014.  Those hearsay statements are insufficient to establish that the determination was readily ascertainable to petitioners by the date of the email, which would also render the petition untimely (*see generally Feis v A.S.D. Metal & Mach. Shop*, 234 AD2d 504, 505; *R. Bernstein Co. v Popolizio*, 97 AD2d 735, 735).  Inasmuch as respondents failed to meet their initial burden on the cross motion in that regard, I conclude that the court erred in dismissing the petition as time-barred.  It is on that basis alone that I agree with the plurality to reverse the judgment, deny respondents' cross motion, reinstate the petition, and grant respondents 20 days from service of the order of this Court with notice of entry to serve and file an answer.  I likewise agree with the plurality that the matter must be remitted to Supreme Court to determine petitioners' motion for leave to amend the petition.

NEMOYER and CURRAN, JJ., dissent and vote to affirm in the following memorandum:  We respectfully dissent.  We agree with our colleagues that the "determination to be reviewed" is the decision of respondent West Seneca Central School District (District) embodied in the undated letter sent by the District to petitioners on June 5, 2014 (CPLR 217 [1]).  We disagree with our colleagues, however, on the issue whether the record demonstrates that the determination became "final and binding" upon petitioners when the letter was sent (*id.*).  In our view, inasmuch as the nature of the action taken by the District was quasi-legislative, the undisputed date of the determination's mailing is, as a matter of public policy, the accrual date (*see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34; *Matter of Owners Comm. on Elec. Rates v Public Serv. Commn. of State of N.Y.*, 150 AD2d 45, 53-54 [Levine, J., dissenting], *revd on dissenting op of Levine, J.*, 76 NY2d 779).  Accordingly, the four-month statute of limitations applicable to the instant CPLR article 78 proceeding began to run when the District sent the undated letter on June 5, 2014, notifying petitioners of the District's determination (*see Matter of Jones v Board of Educ. of Watertown City Sch. Dist.*, 30 AD3d 967, 968-969; *see generally Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72-73).  Inasmuch as this proceeding was commenced on October 10, 2014, we conclude that the petition is time-barred (*see Jones*, 30 AD3d at 969; *see also Matter of Paterson v New York State Teachers' Retirement Sys.*, 25 AD3d 899, 899-900).

We respectfully disagree with the plurality's conclusion that the nature of the action taken was something other than quasi-legislative. That conclusion is of the plurality's own making inasmuch as it was not raised in any of the parties' briefs, and petitioners conceded at oral argument of this appeal that the determination is quasi-legislative.  The plurality relies in part upon the case *People v Berrios* (28 NY2d 361, 366-367), which is rooted in principles of criminal and constitutional law safeguarding "[t]he public interest

that a result be reached which promotes a well-ordered society . . . in every criminal proceeding" (*Young v United States*, 315 US 257, 259*)*.  We respectfully submit that the plurality's application of such principles to civil cases overlooks our long-established precedent in civil cases excluding from consideration issues conceded at oral argument (*see Elston v Canty*, 15 AD3d 990, 990; *Griswold v Kurtz*, 80 AD2d 983, 983), or in a party's brief (*see De Lang v Doctors Hosp.*, 29 AD2d 735, 735), as well as precedent that otherwise allows the parties in a civil case to chart their own litigation course, including by circumscribing the issues presented (*see Hasselback v 2055 Walden Ave., Inc.*, 139 AD3d 1385, 1387; *Quilty v Cormier*, 115 AD3d 1229, 1230*; see also Mitchell v New York Hosp.*, 61 NY2d 208, 214).  The plurality also relies on the case *Kamen v Kemper Fin. Servs.* (500 US 90, 99), in which an issue was raised only in a reply brief and was argued to have been waived.  That is not the situation here inasmuch as none of the parties has raised the issue addressed by the plurality.

We agree with our concurring colleague that there is nothing about the District's determination that fits the quasi-judicial category (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 203 n 2, *rearg denied* 84 NY2d 865; *Matter of Town of Waterford v Water Pollution Control Bd.*, 5 NY2d 171, 183; *see also Matter of Venes v Community Sch. Bd. of Dist. 26*, 43 NY2d 520, 525; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770, *appeal dismissed* 6 NY3d 890, *lv denied* 7 NY3d 708), and we conclude that the determination fits comfortably within precedent holding that similar actions are quasi-legislative in nature (*see Owners Comm. on Elec. Rates*, 150 AD2d at 52 [Levine, J., dissenting]; *see also Lenihan v City of New York*, 58 NY2d 679, 681; *Jones*, 30 AD3d at 968-969).  We respectfully disagree with the plurality's speculative basis for distinguishing *Jones*, which expressly measured the statute of limitations from when the letter was "sent" (*Jones*, 30 AD3d at 968), and which thereby did not require actual notice as would be necessary for quasi-judicial action.

While our concurring colleague agrees that the District need show only that petitioners had constructive notice, as opposed to actual notice, of the District's decision, she concludes that the District did not meet its burden.  She concludes that the District needed to show that it undertook other notification procedures to disseminate the information.  That, too, is a point of view that has not been raised by the parties.  Even if we assume for the sake of argument that the law requires other notification procedures, we conclude that the accrual date for the statute of limitations still would be the undisputed date of the final determination under review, i.e., June 5, 2014 (*see Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv.*, 124 AD3d 1174, 1178, *lv denied* 26 NY3d 904).

For the reasons given, we would affirm the judgment.