NeMoyer and Curran, JJ.
(dissenting). We respectfully dissent. We agree with our colleagues that the “determination to be reviewed” is the decision of respondent West Seneca Central School District (District) embodied in the undated letter sent by the District to petitioners on June 5, 2014 (CPLR 217 [1]). We disagree with our colleagues, however, on the issue whether the record demonstrates that the determination became “final and binding” upon petitioners when the letter was sent (id.). In our view, inasmuch as the nature of the action taken by the District was quasi-legislative, the undisputed date of the determination’s mailing is, as a matter of public policy, the accrual date (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Matter of Owners Comm. on Elec. Rates v Public Serv. Commn. of State of N.Y., 150 AD2d 45, 53-54 [1989, Levine, J., dissenting], revd on dissenting op of Levine, J., 76 NY2d 779 [1990]). Accordingly, the four-month statute of limitations applicable to *1622 the instant CPLR article 78 proceeding began to run when the District sent the undated letter on June 5, 2014, notifying petitioners of the District’s determination (see Matter of Jones v Board of Educ. of Watertown City School Dist., 30 AD3d 967, 968-969 [2006]; see generally Matter of Village of Westbury v Department of Transp. of State of N.Y., 76 NY2d 62, 72-73 [1989]). Inasmuch as this proceeding was commenced on October 10, 2014, we conclude that the petition is time-barred (see Jones, 30 AD3d at 969; see also Matter of Paterson v New York State Teachers’ Retirement Sys., 25 AD3d 899, 899-900 [2006]).
We respectfully disagree with the plurality’s conclusion that the nature of the action taken was something other than quasi-legislative. That conclusion is of the plurality’s own making inasmuch as it was not raised in any of the parties’ briefs, and petitioners conceded at oral argument of this appeal that the determination is quasi-legislative. The plurality relies in part upon the case People v Berrios (28 NY2d 361, 366-367 [1971]), which is rooted in principles of criminal and constitutional law safeguarding “[t]he public interest that a result be reached which promotes a well-ordered society ... in every criminal proceeding” (Young v United States, 315 US 257, 259 [1942]). We respectfully submit that the plurality’s application of such principles to civil cases overlooks our long-established precedent in civil cases excluding from consideration issues conceded at oral argument (see Elston v Canty, 15 AD3d 990, 990 [2005]; Griswold v Kurtz, 80 AD2d 983, 983 [1981]), or in a party’s brief (see De Lang v Doctors Hosp., 29 AD2d 735, 735 [1968]), as well as precedent that otherwise allows the parties in a civil case to chart their own litigation course, including by circumscribing the issues presented (see Hasselback v 2055 Walden Ave., Inc., 139 AD3d 1385, 1387 [2016]; Quilty v Cormier, 115 AD3d 1229, 1230 [2014]; see also Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]). The plurality also relies on the case Kamen v Kemper Financial Services, Inc. (500 US 90, 99 [1991]), in which an issue was raised only in a reply brief and was argued to have been waived. That is not the situation here inasmuch as none of the parties has raised the issue addressed by the plurality.
We agree with our concurring colleague that there is nothing about the District’s determination that fits the quasi-judicial category (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 203 n 2 [1994], rearg denied 84 NY2d 865 [1994]; Matter of Town of Waterford v Water Pollution Control Bd., 5 NY2d 171, 183 [1959]; see also Matter of Venes v *1623 Community School Bd. of Dist. 26, 43 NY2d 520, 525 [1978]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005], appeal dismissed 6 NY3d 890 [2006], lv denied 7 NY3d 708 [2006]), and we conclude that the determination fits comfortably within precedent holding that similar actions are quasi-legislative in nature (see Owners Comm. on Elec. Rates, 150 AD2d at 52 [Levine, J., dissenting]; see also Lenihan v City of New York, 58 NY2d 679, 681 [1982]; Jones, 30 AD3d at 968-969). We respectfully disagree with the plurality’s speculative basis for distinguishing Jones, which expressly measured the statute of limitations from when the letter was “sent” (Jones, 30 AD3d at 968), and which thereby did not require actual notice as would be necessary for quasi-judicial action.
While our concurring colleague agrees that the District need show only that petitioners had constructive notice, as opposed to actual notice, of the District’s decision, she concludes that the District did not meet its burden. She concludes that the District needed to show that it undertook other notification procedures to disseminate the information. That, too, is a point of view that has not been raised by the parties. Even if we assume for the sake of argument that the law requires other notification procedures, we conclude that the accrual date for the statute of limitations still would be the undisputed date of the final determination under review, i.e., June 5, 2014 (see Matter of School Adm’rs Assn. of N.Y. State v New York State Dept. of Civ. Serv., 124 AD3d 1174, 1178 [2015], lv denied 26 NY3d 904 [2015]).
For the reasons given, we would affirm the judgment. Present — Peradotto, J.P, Carni, DeJoseph, NeMoyer and Curran, JJ.