Rosen v MHM Realty LLC (2018 NY Slip Op 07549)





Rosen v MHM Realty LLC


2018 NY Slip Op 07549


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7572N 160724/15

[*1] Steven Rosen, Plaintiff-Appellant,
v
MHM Realty LLC, et al., Defendants-Respondents.


Bartels & Feureisen, LLP, White Plains (Michael Fahey of counsel), for appellant.
Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for MHM Realty LLC and Manhattan Skyline Management Corp., respondents.
Brody, O'Connor & O'Connor, New York (Magdalene P. Skountzos of counsel), for Francisco Medina, respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered December 14, 2017, which, inter alia, denied plaintiff's motion for a protective order or, in the alternative for an in camera inspection of the subject records, and directed plaintiff to provide defendants with an unlimited authorization for all mental health records for treatment in connection with his alleged injuries sustained for the period from January 1, 2013 to the present, unanimously affirmed, without costs.
Plaintiff put his mental condition in issue by seeking to recover damages for emotional distress as a result of the actions alleged in the complaint (CPLR 3101[a]; Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-57 [1983]; Budano v Gurdon, 97 AD3d 497 [1st Dept 2012]). He did not specify how he or any third party would be subject to "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice" as a result of the disclosure of the mental health treatment records at issue (CPLR 3103[a]). Nor did plaintiff otherwise establish that disclosure would be detrimental to himself or a third party (cf. Cynthia B. at 461-462). In any event, it is noted that plaintiff previously stipulated to unlimited disclosure of his mental health treatment records (see Quilty v Cormier, 115 AD3d 1229 [4th Dept 2014]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK